**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LADONNA CROMARTIE,

Plaintiff,

v. Case No.: 8:26-cv-213-TPB-GDP

EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendant.
_______________________________/

**ORDER OF DISMISSAL WITH PREJUDICE**

This matter is before the Court *sua sponte*. Plaintiff Ladonna Cromartie filed this suit asserting violations of the Fair Credit Reporting Act. The Court entered its usual Fast-Track Scheduling Order directing the parties to take various steps to move the case forward. (Doc. 8). Plaintiff has ignored the Court's various directives and appears to have taken virtually no action to advance the case.

The Court's Fast-Track Scheduling Order directed Plaintiff to file answers to the Court's interrogatories by June 15, 2026. Plaintiff failed to file answers to the interrogatories by the deadline. On July 10, 2026, the Court entered another order directing Plaintiff to file the interrogatory answers by July 16, 2026. (Doc. 15). Plaintiff again failed to comply. Defendant filed a motion to compel Plaintiff's compliance. (Doc. 16). Plaintiff failed to respond to the motion. The Court noticed a hearing on the motion for August 26, 2026. (Doc. 17). Counsel for Defendant was

present, but Plaintiff failed to appear at the hearing and failed to contact Chambers afterward to explain his absence.

The Court's Fast-Track Scheduling Order directed the parties to mediate no later than July 30, 2026, and specifically ordered Plaintiff's counsel to coordinate regarding the mediation and to file a notice of mediation with the Court by April 13, 2026, stating the agreed mediation date. Plaintiff failed to file a notice of mediation by the deadline. On June 11, 2026, the Court entered another order directing Plaintiff to file the mediation notice by June 18, 2026. (Doc. 9). On June 18, 2026, Plaintiff filed a "Notice of Compliance Regarding Mediation," which failed to include an agreed date for the mediation, as required by the Court's order. Instead, the notice stated that Defendant was changing counsel and that "[t]he parties have conferred and are actively coordinating with each other and the office of the mediator to secure a mutually agreeable date and time for the mediation conference." On July 10, the Court directed Plaintiff to file an *amended* notice that stated the date and time of the scheduled mediation by July 16, 2026. (Doc. 15). Plaintiff failed to comply.

In short, Plaintiff has failed to comply with numerous case management responsibilities, failed to appear for a required court hearing, and has violated multiple Court orders. Plaintiff has abandoned this case. The Court finds this conduct presents a clear pattern of delay and willful contempt for the Court's orders as described above. The Court further finds that sanctions less than dismissal with prejudice would not suffice. *See McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir.

2025) (holding that district court may *sua sponte* dismiss action with prejudice when a party engages in a clear pattern of delay or willful contempt and the district court finds that lesser sanctions would not suffice), *cert. denied*, No. 25-808, 2026 WL 1203391 (May 4, 2026); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (same).

Accordingly, pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent power, this case is dismissed with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED:**

1. This action is **DISMISSED WITH PREJUDICE**.
2. The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of August, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE